S98Y1972. IN THE MATTER OF CONSTANCE PINSON HEARD.
(505 SE2d 742)

PER CURIAM.

This disciplinary matter is before the Court on the petition for voluntary discipline of the respondent, Constance Pinson Heard. The State Bar recommends that the Court accept Heard's petition. Heard admits violating Standard 44 (wilfully abandoning or disregarding, without just cause and to the detriment of her client, a legal matter entrusted to her) of Bar Rule 4-102 (d) in connection with her representation of a client in a divorce matter. Heard was retained by the client to represent her in the enforcement of the terms of a divorce decree but failed to timely file the necessary pleadings on behalf of

the client. Due to Heard's failure to timely file the pleadings, the client was subjected to needless worry and financial inconvenience.

In her petition, filed pursuant to Bar Rule 4-227 (c), Heard requests that this Court impose a six-month suspension from the practice of law as an appropriate sanction in this case. We note that, although a violation of Standard 44 of Bar Rule 4-102 (d) may be punished by disbarment, this Court considers as mitigating circumstances in this case the facts that Heard is suffering from an emotional disorder; is undergoing treatment for the disorder; has agreed to place herself under the jurisdiction of the State Bar Lawyer Assistance Program for evaluation, treatment, and monitoring of any condition that the program may determine appropriate; and, has agreed to make restitution to another individual filing an additional grievance with the office of the General Counsel.

We have reviewed the record and agree with the State Bar that a six-month suspension is an appropriate sanction in this case. Accordingly, Heard is hereby suspended for a period of six months from the date of this opinion with the following conditions, to which Heard has agreed: (1) Heard shall place herself under the jurisdiction of the State Bar Lawyer Assistance Program (LAP) for evaluation, treatment and monitoring of any condition that LAP may determine appropriate; (2) Heard shall provide any and all waivers required to allow LAP to provide information to the Office of the General Counsel of the State Bar of Georgia concerning Heard's condition, treatment, and progress; (3) Heard must return $4,000 given to her in trust by another grievant and obtain certification from that grievant that said $4,000 was returned; (4) No sooner than the end of the sixth month after the effective date of this order, but subsequent to obtaining certification from the grievant that restitution has been made, Heard may request that LAP review its records concerning Heard. Heard must obtain certification from LAP that, based on its review, Heard exhibits no symptom of any condition that would make Heard a danger to the public or her clients in the course of her practice of law. Heard must obtain said certification before she can apply for re-admission to practice; (5) No sooner than the end of the sixth month after the effective date of this order, but subsequent to obtaining certification from LAP, Heard may request that the Office of the General Counsel of the State Bar of Georgia review its records concerning Heard. Heard must obtain certification from the Office of the General Counsel that, based on its review, Heard has engaged in no conduct that makes Heard a danger to the public or her clients in the course of her practice of law. Heard must obtain said certification before she can apply for re-admission to practice; (6) Heard shall serve upon the Office of the General Counsel copies of any certifications from the grievant receiving restitution and from LAP; (7) Heard

shall file any certifications from the grievant receiving restitution, LAP, and the Office of the General Counsel with the State Disciplinary Board; (8) Heard shall file any request for re-admission to practice with the review panel of the State Disciplinary Board. Heard's request must show that she has met all conditions for re-admission. The Office of the General Counsel shall file the response of the State Bar of Georgia to Heard's request; and, (9) The review panel shall review the record of this proceeding, including the certifications, Heard's request, and the State Bar's response. The panel shall file its report and recommendation on Heard's re-admission with this Court.

Heard is reminded of her duties under Bar Rule 4-219 (c) to timely notify all clients of her inability to represent them, to take all actions necessary to protect the interests of her clients, and to certify to this Court that she has satisfied the requirements of such rule.

*Six-month suspension with reinstatement upon conditions. All the Justices concur.*

DECIDED OCTOBER 5, 1998.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar,* for State Bar of Georgia.